IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT MALLETT II, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-07-1078-W |
| v. | ) | |
| | ) | |
| WALTER DINWIDDIE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. For the following reasons, it is recommended that the Petition be dismissed as untimely or, in the alternative, dismissed without prejudice for failure to exhaust state court and administrative remedies.

In his Petition filed September 25, 2007, Petitioner states that he is challenging the sentences entered against him in the District Court of Oklahoma County, Case Nos. CF-93-848 and CF-96-6582. Petitioner has attached to the Petition the judgment and sentence entered in Case No. CF-96-6582 reflecting that Petitioner entered a plea of guilty in that case to charges of Assault and Battery with a Deadly Weapon with Intent to Kill, Burglary in the

1

First Degree, and Possession of a Firearm, all after former conviction of two felonies, and was sentenced on December 20, 1996, to serve three, 20-year, concurrent terms of imprisonment for each of these convictions.

Petitioner contends that he is entitled to habeas relief pursuant to 28 U.S.C. § 2254 because of a "violation of plea agreement, sentences are supposed to run concurrently, not consecutively." Petition, at 4. Although the judgment and sentence in Case No. CF-96-6582 expressly states that the terms of his imprisonment are to be served "concurrently with: each other," Petitioner asserts that he entered into a plea agreement "with the understanding that the sentences were to run concurrently with each other [and] concurrently with the other case CF-93-848." Petition, at 4; Petition, Attachment.

The 28 U.S.C. § 2254 Petition should be dismissed as it is time-barred by operation of 28 U.S.C. § 2244(d)(1). Effective April 24, 1996, the statutes governing federal habeas corpus actions for state and federal prisoners were substantially amended by the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214. The AEDPA amends 28 U.S.C. §2244 by imposing a one-year period of limitation upon the filing of a petition seeking a writ of habeas corpus by a person in custody pursuant to a state court judgment. 28 U.S.C. §2244(d)(1). As an Oklahoma prisoner seeking federal habeas relief, Petitioner's habeas Petition is governed by the AEDPA's amendments. See Lindh v. Murphy, 521 U.S. 320, 336 (1997)(AEDPA's amendments apply to habeas petitions filed after the AEDPA's effective date of April 24, 1996).

Under 28 U.S.C. §2244(d)(1)(A), the one-year limitation period generally begins to

run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner pled guilty in Case No. CF-96-6582 on December 20, 1996. Petitioner states in his Petition that he did not file a motion to withdraw the plea or seek to appeal the plea-based convictions entered in that case. Therefore, these convictions became "final" under 28 U.S.C. §2244(d)(1)(A) on December 30, 1996, ten days after the pronouncement of the judgment and sentence. See Okla. Stat. tit. 22, §1051; Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, ch. 18, app. The one-year limitation period applicable to the Petitioner's filing of a federal habeas petition challenging his convictions and sentences in Case No. CF-96-6582 began to run on December 30, 1996, and expired one year later on December 30, 1997, absent statutory or equitable tolling exceptions.[1]

In this circuit, the § 2244(d)(1) limitation period "may be subject to equitable tolling." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998). In Miller, the court contemplated that extraordinary circumstances, *i.e.*, "a constitutional violation [that] has resulted in the conviction of one who is actually innocent or incompetent," may warrant equitable tolling of the § 2244(d)(1) limitation period. Id. at 978. Equitable tolling of the

---

[1] In an unpublished decision, Dunn v. Workman, 172 Fed.Appx. 238, *241, 2006 WL 752029, *2 (10th Cir. Mar. 24, 2006), the Tenth Circuit Court of Appeals reasoned that an Oklahoma prisoner's judgment of conviction became final under 28 U.S.C. § 2244(d)(1)(A) ten days after the prisoner's conviction and sentence were entered where the prisoner failed to withdraw his plea within the ten-day period provided in Oklahoma Court of Criminal Appeals' Rule 4.2(A). The court found that the statutory limitation period governing the filing of the prisoner's federal habeas petition began on the day the judgment became final and expired on the anniversary date one year later).

one-year limitation period may be appropriate, for instance, "when an adversary's conduct - - or other uncontrollable circumstances - - prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period," but it is not appropriate in circumstances amounting to "excusable neglect." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). Section 2244(d)(1) also "requires inmates to diligently pursue claims" in state and federal courts. Miller, 141 F.3d at 978. Accord, Gibson, 232 F.3d at 808.

Petitioner failed to complete the portion of the form Petition addressing reasons for his failure to timely file the Petition in accordance with 28 U.S.C. § 2244(d), and he has not presented extraordinary circumstances warranting an equitable extension of the limitation period. Moreover, he has not diligently pursued his federal claims in state and federal courts. Consequently, the Petition should be dismissed as time-barred.

Even if the Petition is timely filed, Petitioner states that he has not sought collateral relief in the state courts concerning his convictions and sentences in Case No. CF-96-6582. Therefore, Petitioner has not exhausted well-established state court remedies for challenging his convictions and sentences. The Petition is subject to dismissal without prejudice as a result of his failure to satisfy the exhaustion requirement. 28 U.S.C. § 2254(b)(1).

In his Petition, Petitioner asserts that "the Oklahoma Department of Corrections has enhanced his sentence illegally." Petition, at 4. Although this allegation could be construed as a claim brought under 28 U.S.C. § 2241 challenging the execution of his sentences, Petitioner expressly states that he is seeking relief under 28 U.S.C. § 2254 for a violation of

his plea agreement, and he relies entirely on alleged factual circumstances preceding the entry of the judgment and sentence in Case No. CF-96-6582 to support his Petition. Consequently, the Petition is not construed as one brought under 28 U.S.C. § 2241 to challenge the execution of his sentences.

In any event, even if the Petition is construed as one brought under 28 U.S.C. § 2241, the Petition is not timely filed. See Dulworth v. Evans, 442 F.3d 1265, 1268 (10th Cir. 2006)(§ 2244(d)(1) limitation period applies to habeas actions challenging administrative decisions affecting execution of prisoner's sentence); Burger v. Scott, 317 F.3d 1133, 1138 (10th Cir. 2003)(applying § 2244 limitation period to § 2241 petition filed by state prisoner); Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000)(state prisoner's habeas petition challenging execution of his sentence is properly construed as § 2241 petition). Oklahoma Department of Corrections' public records show that Petitioner began serving his current sentences in Case No. CF-96-6582 on July 4, 2000. http://www.doc.state.ok.us (Offender search accessed September 28, 2007). The one-year limitation period for a 28 U.S.C. § 2241 petition commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §2244(d)(1)(D). Petitioner has not shown that his claim could not have been discovered through the exercise of due diligence sometime during the first year of his current incarceration beginning July 4, 2000, when he received monthly sentence calculations, as required by procedures established by the Oklahoma Department of Corrections. http://www.doc.state.ok.us/Offtechop060211.pdf (Sentence Administration (VI)(L)). Thus,

the Petition construed as a 28 U.S.C. § 2241 habeas petition should be dismissed as it is untimely. Petitioner has not shown extraordinary circumstances warranting application of equitable tolling principles to extend the one-year limitation period.

Finally, even if the Petition is timely filed, Petitioner has not shown that he has exhausted administrative or state court remedies with respect to any claim challenging the manner in which the Oklahoma Department of Corrections is administering his sentences. See Dulworth, 442 F.3d at 1269 (petitioner proceeding under § 2241 must exhaust available administrative remedies). Accordingly, the Petition, construed as a 28 U.S.C. § 2241 petition challenging the execution of his sentences, should be dismissed without prejudice due to Petitioner's failure to satisfy the exhaustion requirement.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, or construed as a 28 U.S.C. § 2241 petition, be DISMISSED as untimely or, in the alternative, dismissed without prejudice for failure to exhaust state court and administrative remedies. The Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by __October 22nd__, 2007, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___1st___ day of ___October___, 2007.

*/s/ Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE