IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

ROBERT MALLETT II,                    )
                                      )
            Petitioner,               )
                                      )
vs.                                   )          No. CIV-07-1078-W
                                      )
WALTER DINWIDDIE, Warden,             )
                                      )
            Respondent.               )

## ORDER

On October 1, 2007, United States Magistrate Judge Gary M. Purcell issued a Report and Recommendation in this matter and recommended that the Petition for Writ of Habeas Corpus ("Petition") filed by petitioner Robert Mallett II under title 28, section 2254 of the United States Code be dismissed as untimely, or in the alternative, be dismissed without prejudice for failure to exhaust state court and administrative remedies. Mallett was advised of his right to object, and the matter now comes before the Court on Mallett's Objection and his request that the Court stay this matter and hold it in abeyance so that he may exhaust his state remedies.

Upon de novo review of the record, the Court concurs with Magistrate Judge Purcell's suggested disposition of this matter. In his Petition, Mallett has challenged the execution of his three twenty-year sentences on the grounds that they "are supposed to run concurrently, not consecutively," Petition at 4, Ground One, not only with each other as reflected in the Judgment and Sentence dated December 20, 1996, and filed on January 6, 1997, in State v. Mallett, No. CF-96-6582, but also with the sentence imposed

in State v. Mallett, No. CF-1993-848, after a plea of guilty on March 1, 1993, and pursuant to a Judgment and Sentence filed on March 2, 1993.

To the extent this matter is construed as one seeking relief under section 2254, the applicable one-year limitations period expired no later than January 1997. To the extent the matter is construed as one seeking relief under title 28, section 2241 of the United States Code, the applicable one-year limitations period expired no later than July 2001. Accordingly, the Court finds that Mallett's Petition file-stamped September 25, 2007, was untimely commenced.

The Court further finds that Mallett is not entitled to statutory tolling under title 28, section 2244(d)(2) of the United States Code or entitled to equitable tolling in the absence of "'rare and exceptional circumstances.'"[1] Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)(quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)).[2]

Accordingly, the Court

(1) ADOPTS the Report and Recommendation issued by Magistrate Judge Purcell on October 1, 2007; and

---

[1]Mallett did not complete that portion of his Petition entitled "Timelines[s] of Petition," and thus, he did not explain in his Petition why the one-year limitations period contained in 28 U.S.C. § 2244(d) does not bar his claim. In his Objection, Mallett has contended "that the one year statute should not apply to this case because [he] . . . was unaware of the factual circumstances of this case until actually this year . . . [and because he] just took it for granted that the department of corrections would not participate in knowingly violating the law."

[2]Because the issue of timeliness is dispositive of this matter, the Court finds consideration of the issue of exhaustion, Judge Purcell's alternate basis for dismissal, and Mallett's request for a stay are not warranted.

2

(2) DISMISSES the Petition filed in this matter as untimely.

ENTERED this 24th day of October, 2007.

LEE R. WEST
UNITED STATES DISTRICT JUDGE